# United States District Court

FILED by DEC 4 2000 CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. FT. LAUD.

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

ANDREW NATHANIEL WARBURTON, and
DELROY WAYNE HENRY

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4283-SNOW

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___December 1-2, 2000___, in ___Broward___ county, in the ___Southern___ District of ___Florida___ defendant(s) did, (Track Statutory Language of Offense)

conspiracy to import and possess with intent to distribute cocaine;

in violation of Title __21__ United States Code, Section(s) __841(a)(1); 846, 952(a) and 963__

I further state that I am a(n) USCS Special Agent and that this complaint is based on the following
<sub>Official Title</sub>
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

_____
Signature of Complainant
WENDY BOWERS, Special Agent
U.S. CUSTOMS SERVICE

Sworn to before me, and subscribed in my presence,

12/4/00                                                   at   Fort Lauderdale, Florida
Date                                                            City and State

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE                    _____
Name and Title of Judicial Officer                              Signature of Judicial Officer

AFFIDAVIT

I, Wendy Bowers, being duly sworn, do hereby depose and state the following:

1. I am a Special Agent with the United States Customs Service (Customs, and have been so employed for the past 12 years. My duties include the enforcement of federal narcotics laws. I make this affidavit on the basis of my personal knowledge of the investigation, as well as upon information relayed to me by agents of U. S. Government, and State and Local Law Enforcement Officers.

2. On December 2, 2000, I was responded to Port Everglades, Broward County, Florida in response to a request from Customs inspectors and ship's security of the cruise vessel "Century." The ship had just returned to Port Everglades following a seven day Caribbean cruise that included stops at foreign ports.

3. On December 2, 2000, ship's security personnel of the vessel Century conducted routine inspections of the ship's crew, following the ship's arrival at Port Everglades. As DELROY WAYNE HENRY was departing the ship, ship's security personnel conducted a routine pat-down of HENRY's person which revealed the presence of two packages taped HENRY's upper torso. The packages were secured with masking tape and appeared to be contraband.

4. Ship's security personnel contacted Customs after detecting the packages on HENRY's person. A field test by Customs Inspectors revealed the packages taken from Henry's  Your affiant

responded to the vessel Century at Port Everglades and advised HENRY of his _miranda_ rights. HENRY waived his rights and agreed to answer questions.

5. HENRY stated that on December 1, 2000, he had been approached by a fellow crew member, ANDREW NATHANIEL WARBURTON, who asked HENRY if he would be willing to smuggle cocaine off the ship. On December 2, 2000. WARBURTON went to HENRY's cabin aboard the Century to determine if HENRY was ready to smuggle cocaine off of the ship. A crew member saw WARBURTON and HENRY speaking to one another outside HENRY's cabin. WARBURTON then went to his own cabin, followed a short time later by HENRY.

6. Upon his arrival at WARBURTON's cabin, HENRY observed WARBURTON holding a roll of masking tape. HENRY also observed two packages of cocaine on the floor of the cabin's bathroom. WARBURTON instructed HENRY to pull up his shirt. WARBURTON then attached the two packages of cocaine to HENRY's upper torso by wrapping the masking tape around HENRY's upper body. WARBURTON then instructed HENRY to return to his own cabin. HENRY was then supposed to meet WARBURTON off the ship near the gates where the transportation van pick up point.

7. Following the interview of HENRY, a search team, assisted by a Broward County Sheriff's office (BSO) narcotics detection dog, proceeded to WARBURTON's cabin aboard the Century. The dog alerted upon drawers in the cabin that contained only elastic bandages. Three rolls of masking tape, similar to the tape used to attach the

packages to HENRY's body, was discovered in WARBURTON's cabin. The narcotics detection dog alerted upon two of the rolls of masking tape.

8. Based upon the foregoing, your affiant believes that there is probable cause to believe that DELROY WAYNE HENRY and ANDREW NATHANIEL WARBURTON conspired to possess cocaine with intent to distribute and to smuggle cocaine into the United States.

FURTHER AFFIANT SAYETH NAUGHT.

S/A WENDY BOWERS
U.S. CUSTOMS SERVICE

Subscribed and sworn to before me this 4th day of ~~November~~, 2000.
December

LURANA S. SNOW
U.S. MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. _OO-4283-SNOW_

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v**

**ANDREW NATHANIEL WARBURTON, and
DELROY WAYNE HENRY,**

     **Defendants.**

---

### CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ____ Yes __X__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ____ Yes __x__ No

3. Has AUSA Richard Scruggs had supervisory authority over, or otherwise participated in, this case?
____ Yes __x__ No

                     Respectfully submitted,

                     GUY A. LEWIS
                     UNITED STATES ATTORNEY

BY: _/s/_

Terrence J. Thompson
ASSISTANT UNITED STATES ATTORNEY
Court Bar Number A55000063
500 E. Broward Boulevard, 7th Floor
Fort Lauderdale, Florida   33394-3002
TEL (954) 356-7255
FAX (954) 356-7336
E-MAIL ADDRESS:
                     Terrence.Thompson@justice.usdoj.gov